PLANS, INC., Plaintiff—Appellant,

v.

SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, Twin Ridges Elementary School District, Defendants—Appellees.

No. 05–17193.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Nov. 21, 2007.

Scott M. Kendall, Esq., Law Offices of Scott M. Kendall, Elk Grove, CA, for Plaintiff–Appellant.

Susan R. Denious, Esq., Christian M. Keiner, Esq., Kronick Moskovitz Tiedemann & Girard, PC, Sacramento, CA, for Defendants–Appellees.

Before: NOONAN and McKEOWN, Circuit Judges, and KORMAN *, Senior Judge.

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## MEMORANDUM \*\*

The People for Legal and Non–Sectarian Schools ("PLANS"), a non-profit organization, appeals the district court's judgment following a bench trial that PLANS failed to carry its evidentiary burden of demonstrating that Anthroposophy is a religion. Specifically, PLANS appeals the court's exclusion from trial the testimony of three witnesses for failure to disclose during discovery.

The parties are familiar with the facts. We proceed to the law. The imposition of discovery sanctions is reviewed for an abuse of discretion. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005). A district court's decision imposing sanctions without making factual findings regarding the sanction, however, is reviewed de novo. *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 845–846 (9th Cir.2004) (citing *Adriana Int'l. Corp. v. Thoeren*, 913 F.2d 1406, 1407 (9th Cir.1990)).

The district court erred in excluding the testimony of the witnesses in question. Because PLANS intended to call the witnesses as percipient witnesses, it did not need to comply with the court's deadline for expert witness disclosure. Moreover, the record indicates that PLANS disclosed the witnesses as early as January 2001. Even if the witnesses had not been properly disclosed, there was no prejudice as the School Districts had previously designated the same witnesses as expert witnesses. *See* Adv. Comm. Notes on 1993 Amendments to FRCP 26(a) (failing to disclose a witness may be "harmless" if the witness' identity is already known to the opposing party); *see also Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir.2003). Accordingly, the judgment of the district court is RE-VERSED, and the case is REMANDED for further proceedings.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

